UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
SHERENE WALKER,

                Plaintiff,

          - against -

CHARLES RODGERS, MAST TRUCKING
INC. and KM TRUCKING INC..,

                Defendants.
-------------------------------------------------------

**MEMORANDUM & OPINION**

Case No. 1:15 CV 07376 (PKC) (MDG)

PAMELA K. CHEN, United States District Judge:

On December 29, 2015, Defendants Charles Rodgers ("Rodgers"), Mast Trucking Inc. ("Mast Trucking"), and KM Trucking Inc. ("KM Trucking") (collectively, "Defendants") filed a Notice of Removal ("Notice") removing this action from the Supreme Court of the State of New York, Kings County to this Court. (Dkt. 1.) For the reasons set forth below, this case is *sua sponte* REMANDED to State court.

**I.    BACKGROUND**

The Complaint in this matter, originally filed in State court, alleges that Rodgers was an employee of Mast Trucking and KM Trucking. (Compl. ¶¶ 31-35.)[1] At 5:45 a.m. on March 20, 2015, in the course of his employment, Rodgers allegedly operated a vehicle owned by Mast Trucking and KM Trucking and struck the motor vehicle driven by Plaintiff Sherene Walker ("Plaintiff"), resulting in serious injuries to Plaintiff. (Compl. ¶¶ 35-41, 43-44)

Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. The Notice alleges that Plaintiff is a citizen of New York while

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

Defendants are all citizens of Ohio. (Notice ¶ 3.) Regarding the amount in controversy, the Notice alleges that Plaintiff demands "an amount which exceeds the jurisdictional limits of all lower Courts," and that "[a]ccordingly, the amount in controversy in this suit is in excess of $75,000." (Notice ¶ 2.) The Complaint (attached to the Notice) alleges only that Plaintiff's "vehicle was damaged in the sum of . . . $5,000.00," (Compl. ¶ 52) and that Plaintiff has been damaged in an amount that "exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction." (Compl. ¶ 50). At this point, Plaintiff has not filed a motion for remand.

## II. DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to State court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) and *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds

the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that the amount in controversy is in excess of $75,000, (Notice ¶ 2), without providing any factual allegations to support this amount. Further, the Complaint only alleges damages to Plaintiff's vehicle in the amount of $5,000, (Compl. ¶ 52), and damages to Plaintiff herself in the amount of $5,000. (Compl. ¶ 53.) The Complaint's mention of "lower courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Massachusetts Mut.*, 08 CV 0949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding the case due to defendant's failure to satisfy jurisdictional amount where defendant relied solely on an *ad damnum* clause in plaintiff's complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 624 N.Y.S.2d 225 (N.Y. App. Div. 1995); *see id.* at *2 n.3 (collecting cases). Furthermore, with the exception of the allegation that Plaintiff sustained "serious and sever[e] personal injuries[,]" (Compl. ¶ 46), neither the Complaint nor the Notice contains any further information specifying the exact nature and extent of Plaintiff's injuries, or the treatment she has received, that would permit this Court to draw

a reasonable inference that the amount in controversy requirement has been satisfied.[2] Accordingly, the Court finds that Defendants' allegations in the Notice have failed to clearly allege that the action meets the threshold amount in controversy required to invoke this Court's diversity jurisdiction and are insufficient to support the exercise of federal subject matter jurisdiction. Therefore, remand to State court is proper. *See Woodley*, 2008 WL 2191767, at \*2.

## III. CONCLUSION

For the foregoing reasons, this case is REMANDED to New York State Supreme Court, Kings County, under Index No. 14029/15, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*_____
Pamela K. Chen
United States District Judge

Dated: January 19, 2016
      Brooklyn, New York

---

[2] While Paragraph 46 of the Complaint states that Plaintiff was "hospitalized and received medical care and treatment" because she "sustained serious and severe personal injuries, some or all of which are permanent in nature" and that she "has incurred and will continue to incur costs and expenses for medical and hospital care and treatment, therapy and rehabilitation, all in an effort to be cured of said injuries and the resulting disability," these generalized allegations are insufficient to support a reasonable inference that the amount in controversy exceeds $75,000, especially given that the claimed damage to the vehicle was relatively low, *i.e.*, $5,000.